UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| REAL VIEW, LLC <br><br> Plaintiff <br> v. <br> 20-20 TECHNOLOGIES, INC. <br><br> Defendant | Civil Action No. 07-12157 PBS |
| 20-20 TECHNOLOGIES, INC. <br><br> Counterclaim Plaintiff <br> v. <br> REAL VIEW, LLC <br><br> Counterclaim Defendant <br> and <br> BORIS ZELDIN and LEONID PERLOV <br><br> Third Party Defendants | |

**ANSWER, COUNTERCLAIM AND THIRD PARTY
COMPLAINT OF 20-20 TECHNOLOGIES, INC.**

**INTRODUCTORY STATEMENT**

This action arises out of the unlawful acts of Real View, LLC, and its founders Boris Zeldin and Leonid Perlov. These parties have blatantly copied the industry leading design software developed by 20-20 Technologies, Inc. over the past two decades, and are now selling their knock-off copy at a cut-rate price. They are also making false statements about 20-20 Technologies and its products in an effort to steal away customers. In November, 2007, 20-20 Technologies sent a letter requesting that Real View stop its unlawful conduct, but rather than respond to the letter, Real View initiated this declaratory judgment action. 20-20 Technologies

seeks injunctive relief, damages and attorneys fees for Real View's copyright infringement, trade dress infringement, unfair and deceptive trade practices, and unfair competition.

## ANSWER TO AMENDED COMPLAINT

20-20 Technologies, Inc. ("20-20 Technologies") responds to the allegations in the First Amended Complaint for Declaratory Judgment ("Complaint") filed by Real View, LLC ("Real View") as follows:

### INTRODUCTION

1. The allegations in paragraph 1 constitute introductory statements to which no response is required. To the extent a response is required, the allegations are denied.

### PARTIES

2. 20-20 Technologies lacks sufficient information or knowledge to answer the allegations in paragraph 2, and therefore denies them.

3. Admitted.

### JURISDICTION AND VENUE

4. Paragraph 4 states legal conclusions to which no response is required. To the extent any response is required, 20-20 Technologies denies the allegations.

5. Paragraph 5 states legal conclusions to which no response is required. To the extent any response is required, 20-20 Technologies denies the allegations.

6. 20-20 Technologies lacks sufficient information or knowledge to answer the allegations in paragraph 6, and therefore denies them.

7. 20-20 Technologies denies the allegations in Paragraph 7, except admits that it is in the business of developing, marketing and licensing kitchen design software.

8.  In response to Paragraph 8, 20-20 Technologies admits that on or about November 6, 2007, its attorneys sent a letter to Real View. By way of further answer, 20-20 Technologies states that the letter speaks for itself. 20-20 Technologies denies the remaining allegations in Paragraph 8.

9.  20-20 Technologies denies the allegations in Paragraph 9, except states that the letter speaks for itself.

10. 20-20 Technologies denies the allegations in Paragraph 10.

11. 20-20 Technologies denies the allegations in Paragraph 11.

### DECLARATORY RELIEF OF NON-INFRINGEMENT

12. 20-20 Technologies repeats and incorporates by reference its answers to Paragraphs 1-12 of the Complaint.

13. 20-20 Technologies denies the allegations in Paragraph 13.

14. 20-20 Technologies denies the allegations in Paragraph 14.

15. The allegations in Paragraph 15 contain a legal statement to which no response is required. To the extent there are factual allegations in Paragraph 15, 20-20 Technologies denies them, and further denies that Real View is entitled to any of the relief it seeks.

### AFFIRMATIVE DEFENSES

1.  This Court lacks subject matter jurisdiction over Plaintiff's claim under the Declaratory Judgment Act, 28 U.S.C. § 2201.

## 20-20 TECHNOLOGIES' COUNTERCLAIM AGAINST REAL VIEW AND THIRD PARTY COMPLAINT AGAINST DEFENDANTS BORIS ZELDIN AND LEONID PERLOV

20-20 Technologies, for its Counterclaim against Real View and Third Party Claim against Boris Zeldin and Leonid Perlov, alleges as follows:

### PARTIES

1. 20-20 Technologies is a Canadian corporation with its principal place of business in Laval, Quebec. It is the world's leading provider of computer aided design software and other software programs for the interior design industry and has established itself as an innovator in both the commercial and residential interior design markets. 20-20 Technologies, itself and through its subsidiaries, has offices located in Canada, the United States and throughout the world. Its American subsidiary's head office is located in the heart of the United States office furniture industry, Grand Rapids, Michigan, where it has many employees; it also employs many people around other major US cities such as Raleigh (NC), Boston (MA) and Milwaukee (WI).

2. Defendant Real View is a Massachusetts company with a principal place of business at 1050 Winter Street, Waltham, Massachusetts. Real View's primary business is the sale of a software product called "ProKitchen," which infringes the copyrights owned by 20-20 Technologies.

3. Defendant Boris Zeldin, upon information and belief, is a resident of Massachusetts and is one of the founders of Real View. Upon information and belief, Defendant Zeldin is an officer, director and shareholder of Defendant Real View, and he knowingly, willingly and actively participated in the infringement of 20-20 Technologies' copyrights and other unlawful conduct described herein.

4.     Defendant Leonid Perlov, upon information and belief, is a resident of Massachusetts and is one of the founders of Real View. Upon information and belief, Defendant Perlov is an officer, director and shareholder of Defendant Real View, and he knowingly, willingly and actively participated in the infringement of 20-20 Technologies' copyrights and other unlawful conduct described herein.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1337 and 1338 because this case arises under the Federal Copyright Act, 17 U.S.C. §§ 101, et seq., and under the Lanham Act, 15 U.S.C. § 1051, et seq. for trade dress infringement and unfair competition.

6.     This Court has personal jurisdiction over the Defendants because this action arises from Defendants' transaction of business within this judicial district and commission of unlawful acts within this judicial district. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants reside in this district and a substantial part of the acts complained of herein occurred in this district.

## The 20-20 Design™ Product

7.     20-20 Technologies was founded in 1987 and soon thereafter became a pioneer in the interior design industry. From a startup company with a very small number of employees, 20-20 Technologies has grown into a global company with approximately 620 employees, approximately 140 of which are US based employees. Over the course of the past two decades, 20-20 Technologies has developed a number of industry leading computer aided design software products and other software programs that have been critical to the Company's success around the world.

8.  One of the company's leading products is its 20-20 Design™ software. Recognized around the world as the state-of-the-art product for kitchen design, specifications, photo-realistic rendering and three-D visualization capabilities, 20-20 Design™ is a significant part of the Company's propriety end-to-end solution for clients who do interior design work in residential and commercial structures.

9.  20-20 Technologies has invested hundreds of thousands of man-hours and millions of dollars in developing the 20-20 Design™ product. 20-20 Technologies continues to invest substantial resources to maintain, develop and promote the sale and use of the 20-20 Design™ product so that it can build on its position as one of the most recognized and widely used products in the kitchen design field.

10.  At all times relevant to the events alleged herein, 20-20 Technologies has owned all right, title and interest in and to the 20-20 Design™ product, including the copyright interests in the software.

11.  20-20 Technologies has duly registered its copyright in 20-20 Design™, including Registration Number TX 6-836-379 for version 6.0, and Registration Number TX 6-834-799 for version 8.1.

12.  The design and overall appearance of the 20-20 Design™ product are unique in the industry and constitute an inherently distinctive trade dress which customers identify with 20-20 Technologies.

### The Unlawful Acts of Defendants Real View, Zeldin and Perlov

13.  Upon information and belief, beginning sometime in 2006 or before, Defendants Real View, Zeldin and Perlov set out to unlawfully copy the 20-20 Design™ product. Upon information and belief, the Defendants obtained either a full or sample version of the 20-20

Design™ product and copied constituent elements, including elements contained in the graphical user interface, of the product. This unlawful copying was done willfully and knowingly by all Defendants.

14.     Rather than invest the necessary time and resources to develop their own unique product, Defendants Real View, Zeldin and Perlov copied constituent elements of the 20-20 Design™ product and incorporated them into a software product which they called "ProKitchen."

15.     The look and feel of the ProKitchen product is substantially similar to the 20-20 Design™ product.

16.     Defendants acted without permission or authority from 20-20 Technologies.

17.     Upon information and belief, Defendants Zeldin and Perlov actively, knowingly and willingly participated in the infringement of 20-20 Technologies' copyrights.

18.     Upon information and belief, Defendant Real View has been unlawfully selling the infringing "ProKitchen" software in the United States and elsewhere at a price that is substantially lower than the price for 20-20 Design™.

19.     Upon information and belief, in selling ProKitchen, Defendants have made statements to customers and potential customers, including customers and potential customers of 20-20 Technologies, that ProKitchen is the same as 20-20 Design™ or that it is the cheaper version of 20-20 Design™.

20.     Upon information and belief, in a further effort to harm 20-20 Technologies, Defendants have also made false and deceptive statements to customers and potential customers, including customers and potential customers of 20-20 Technologies, concerning the quality of the 20-20 Design™ product and the financial stability of 20-20 Technologies.

21. The quality of Real View's ProKitchen product and the support for the product is poor. Upon information and belief, certain customers in the market are confused or misled as to the origin of the ProKitchen product, and such confusion has caused and continues to cause damage to the goodwill and reputation of 20-20 Technologies in the market.

22. 20-20 Technologies has demanded that Real View stop its unlawful conduct, but Real View has refused.

23. As a direct and proximate result of Defendants' conduct described above, 20-20 Technologies has been injured and suffered damages as a result.

24. Unless Defendants are restrained and enjoined from engaging in the unlawful conduct described above, 20-20 Technologies will suffer irreparable injury and further damage.

## COUNT I

### Copyright Infringement

25. 20-20 Technologies realleges and incorporates by reference the allegations contained in paragraphs 1-24 above as if fully set forth herein.

26. 20-20 Design™ constitutes original, expressive work subject to protection under the copyright laws of the United States.

27. 20-20 Technologies is the owner of all right, title and interest in and to the 20-20 Design™ product line, and has properly registered its copyrights with the U.S. Copyright Office.

28. Without 20-20 Technologies authorization or consent, Defendants Real View, Zeldin and Perlov have copied constituent elements of the 20-20 Design™ product.

29. Upon information and belief, Defendants' acts of infringement are knowing, willful and deliberate.

30. Defendants' conduct infringes 20-20 Technologies copyright in violation of the Federal Copyright Act, 17 U.S.C. § 501, et seq.

31. As a direct and proximate result of Defendants' act of infringement, 20-20 Technologies has suffered actual and irreparable injury for which no adequate remedy exists at law.

## COUNT II

### Trade Dress Infringement

32. 20-20 Technologies repeats, realleges and incorporates by reference the allegations contained in paragraphs 1-31 above as if fully set forth herein.

33. The 20-20 Design™ trade dress is distinctive, has been used throughout the United States, Canada and the world, and is well known to the trade and members of the purchasing public. Customers generally associate and identify the 20-20 Design™ trade dress with 20-20 Technologies.

34. 20-20 Technologies is informed and believes, and on that basis alleges, that upon seeing the ProKitchen product and its interface, customers are likely to associate that product with 20-20 Technologies and/or the 20-20 Design™ product and be confused into thinking that ProKitchen is one of, or is related to, 20-20 Technologies' products, or that 20-20 Technologies somehow endorses or licenses ProKitchen, or that Real View and 20-20 Technologies are somehow affiliated or associated.

35. Defendants Real View, Zeldin and Perlov have essentially replicated the appearance, design and other unique features, including the look and feel, of 20-20 Design™ in order to sell a competing product without incurring the costs associated with developing their own unique product.

36. Upon information and belief, Real View's, Zeldin's and Perlov's conduct in advertising, promoting, marketing, offering and selling ProKitchen is likely to confuse, mislead and deceive 20-20 Technologies customers, purchasers and potential purchasers as to the origin of the ProKitchen product or lead such persons to believe that ProKitchen has been sponsored, approved, authorized or licensed by 20-20 Technologies, or is in some way affiliated with 20-20 Technologies, all in violation of 15 U.S.C. § 1125.

37. Upon information and belief, Defendants' conduct described above was done willfully and knowingly, and with the intention to cause confusion and to mislead and deceive customers.

38. 20-20 Technologies has no adequate remedy at law, and Defendants' conduct described herein has caused and, if not enjoined, will continue to cause irreparable damage to the business, reputation and goodwill of 20-20 Technologies.

39. As a direct result of Defendants' conduct, 20-20 Technologies is entitled to injunctive relief and damages.

## COUNT III

**Unfair and Deceptive Trade Practices in Violation of Mass. Gen. Laws. ch. 93A § 11**

40. 20-20 Technologies repeats, realleges and incorporates by reference the allegations contained in paragraphs 1-39 above as if fully set forth herein.

41. The actions of Defendants Real View, Zeldin and Perlov, as described above, constitute unfair and deceptive business practices within the meaning of Mass. Gen. Laws ch. 93A.

42. Defendants' actions as described above have been willful, wanton and knowing.

43.     Defendants' actions as described above have occurred primarily and substantially in Massachusetts.

44.     As a result of Defendants' conduct, 20-20 Technologies is entitled to recover actual damages, treble damages, injunctive relief and attorneys fees and costs pursuant to Mass. Gen. Laws ch. 93A.

## COUNT IV

### Unfair Competition

45.     20-20 Technologies repeats, realleges and incorporates by reference the allegations contained in paragraphs 1-44 above as if fully set forth herein.

46.     Defendants' conduct described above constitutes unfair competition with 20-20 Technologies.

47.     As a result of Defendants' tortuous conduct, 20-20 Technologies has suffered and continues to suffer significant damages.

## COUNT V

### Intentional Interference with Advantageous Relations

48.     20-20 Technologies repeats, realleges and incorporates by reference the allegations contained in paragraphs 1-47 above as if fully set forth herein.

49.     Upon information and belief, Defendants have been aware, at all relevant times, of the economically advantageous relationship between 20-20 Technologies' customers and prospective customers of 20-20 Technologies' products and services.

50.     Upon information and belief, Defendants have engaged and continue to engage in a scheme to interfere with 20-20 Technologies' customers and prospective customers. Upon information and belief, Defendants are using the similarity in features and appearance, including

11

the look and feel, between ProKitchen, which was developed through the unlawful conduct described above, and 20-20 Design™, as the basis for inducing customers and prospective customers to purchase Real View's product. Defendants' false and misleading statements described above are also interfering with 20-20 Technologies' advantageous relations.

51.   Upon information and belief, Defendants have also engaged and continue to engage in a scheme to interfere with 20-20 Technologies' established relationships with its supporting manufacturers from the residential kitchen industry. Upon information and belief, as well as using the similarity in features and appearance, including the look and feel, between ProKitchen and 20-20 Design™, to minimize training requirements and thus benefit from 20-20's unique appearance, as the basis for inducing 20-20 Technologies' supporting manufacturers to enter into a business relationship with Defendant Real View, Defendants have been offering 20-20 Technologies' supporting manufacturers certain products and services at prices that are very much below industry practices, such as free catalog creation services realized for the benefit of the Defendants in eastern bloc countries. Defendants' false and misleading statements and practices described above are interfering with 20-20 Technologies' advantageous relations.

52.   The Defendants' actions to interfere with 20-20 Technologies' advantageous relations have been intentional and malicious, and without privilege or justification.

53.   Defendants' actions constitute unlawful and intentional interference with the advantageous relations of 20-20 Technologies.

54.   As a direct and proximate result of Defendants' conduct, 20-20 Technologies has lost and/or is likely to lose certain advantageous relations with customers or prospective customers.

## PRAYER FOR RELIEF

WHEREFORE, 20-20 Technologies respectfully requests:

1.  That judgment enter in 20-20 Technologies' favor on all Counts of the Amended Complaint filed by Real View;

2.  That judgment enter on Counts I through V of 20-20 Technologies' Counterclaim and Third Party Complaint against Real View, Boris Zeldin and Leonid Perlov, jointly and severally, in an amount to be proven at trial, plus interest;

3.  That damages be trebled and 20-20 Technologies be awarded its costs and attorneys fees under applicable law;

4.  That the Defendants Real View, Zeldin and Perlov, as well as their officers, agents, servants, employees, directors, representatives and related companies, and all persons acting in concert with them, be permanently enjoined from:

    a.  selling ProKitchen or any product that infringes in any manner 20-20 Technologies copyrights;

    b.  otherwise infringing upon 20-20 Technologies' trade dress;

    c.  unfairly competing with 20-20 Technologies and from making false or misleading statements about 20-20 Technologies or its products, or which may tend to confuse customers as to the origins or affiliations of ProKitchen;

    d.  unlawfully interfering with 20-20 Technologies' advantageous relations with its customers and prospective customers.

5.  That Defendants be ordered to deliver up to the Court for destruction any and all tangible matter within their possession, custody or control infringing 20-20 Technologies' copyrights and/or trade dress.

6. That Defendants be directed to file with this Court, within thirty (30) days after the entry of an injunction in this case, a written statement under oath setting forth in detail the manner in which they have complied with this Court's injunction; and

7. For such further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

20-20 Technologies hereby demands a trial by jury on all issues so triable.

20-20 TECHNOLOGIES, INC.

By its Attorneys,

DECHERT LLP

/s/ Timothy C. Blank
Timothy C. Blank (BBO #548670)
200 Clarendon Street, 27th Floor
Boston, MA  02116
(617) 728-7154
Fax:  (617) 426-6567
timothy.blank@dechert.com

Dated:  April 25, 2008