## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| Real View, LLC, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) Civil Action No. 07-12157 |
|  | ) |
| 20-20 Technologies, Inc. | ) |
|  | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

### [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIALS

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is only afforded to the material so entitled, and pursuant to Fed. R. Civ. P. 26(c), it is hereby ORDERED as follows:

### 1.   Purpose and Scope

Discovery in this action will involve disclosure of confidential and proprietary technical, business, and financial information. This order is entered to protect against unauthorized disclosure of confidential information and to ensure that such information will be used only for purposes of this action. This order shall be applicable to and govern all documents, things and information produced or furnished during the course of this action.

474927.1

**2.   Applicability**

This order shall apply to (i) the parties presently named or later joined in this action,
including, in the case of parties other than individuals, their officers, directors, employees, and
agents, and (ii) any other person or entity who produces discovery material in this action.

**3.   Definitions**

(a)     "Discovery Materials" shall mean anything produced as initial disclosures
or in response to discovery requests, including, but not limited to, documents, things, deposition
testimony, answers to interrogatories, and requests for admissions.

(b)     "Producing Party" or "Designating Party" shall mean a party to this action
or any nonparty, on behalf of which documents, things or information are furnished or produced
during the course of this action in response to requests for production of documents,
interrogatories, requests for admissions, depositions, subpoenas, or any other request for
discovery pursuant to the Federal Rules of Civil Procedure, or in the form of pleadings, briefs,
memoranda, or other materials or filings incorporating such information.

(c)     "Confidential" shall mean confidential, proprietary, technical, scientific or
business Discovery Materials which the Producing Party, in good faith, believes reveals
confidential, non-public business or personal information that is designated as such by the
Producing Party.

(d)     "Highly Confidential" shall mean extremely sensitive confidential
Discovery Materials, including information which the Producing Party, in good faith, believes
comprise confidential research, development, or commercial Discovery Materials relating to the
Producing Party's commercial products or planned commercial products, or technical, research,
or patent-related information that is of such an extremely sensitive nature that disclosure to

- 2 -

persons other than those identified in Section 7 could be expected to result in injury to the Producing Party.

## 4.    Designation of Discovery Materials

(a)    The Producing Party shall designate documents, things, and portions thereof pursuant to this Order by stamping or otherwise marking them with the words "Confidential" or "Highly Confidential" as the case may be. In the case of multi-page documents, the Producing Party shall designate each page which is designated as "Confidential" or "Highly Confidential" with the appropriate stamp or other mark. In the case of electronic media (such as CDs, DVDs hard drives, etc.), the Producing Party may designate these materials by marking the exterior of the media and/or the folder(s) or file(s) contained on the media that hold such materials or information with the words "Confidential" or "Highly Confidential".

(b)    Any party or nonparty may designate the deposition testimony of any witness or any portion thereof (including any exhibit) as "Confidential" or "Highly Confidential" by advising the reporter and all parties of such fact on the record during the deposition or in writing at any time within thirty (30) days after actual receipt of the transcript by counsel for the Designating Party, or other such time period as agreed by the parties prior to the expiration of the thirty day period. The reporter shall also be advised to limit the distribution of the transcripts to outside counsel for the parties and the deponent (or his or her attorney). For thirty (30) days following the actual receipt of the transcript by counsel, the transcript shall be treated as "Highly Confidential" unless the Designating Party has already designated the transcript during the deposition.

- 3 -

474927.1

## 5.   Use of Discovery Materials Designated as "Confidential" or "Highly Confidential"

Except with the prior written consent of the Producing Party or upon prior order of the

Court, a party receiving Discovery Materials designated "Confidential" or "Highly Confidential"

shall not (i) disclose such Discovery Material except in accordance with the terms, conditions,

and restrictions of this Order, or (ii) use such Discovery Material for any purpose (including,

without limitation, any business or commercial purpose) other than the conduct of this action and

any related appellate proceedings.

## 6.   Restrictions on the Disclosure of Discovery Materials Designated "Confidential"

Discovery Materials designated "Confidential" and the information contained therein

shall not be disclosed to any person except:

> (a)   The Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial, or deposition;
>
> (b)   Outside counsel for the parties, including legal assistants, paralegals, secretarial, and clerical employees, to the extent reasonably necessary to assist the prosecution, defense, and/or appeal of this action;
>
> (c)   Independent copy services, document processing vendors, litigation consulting services, and graphics services;
>
> (d)   Independent experts and consultants retained, employed, or informally consulted by counsel in connection with the prosecution, defense and/or appeal of the action, including their secretarial or clerical employees, to the extent reasonably necessary to assist with the prosecution, defense, and/or appeal of the action, as needed;
>
> (e)   Any person who is or may be a witness in this action, and counsel for such person, to the extent authorized by Section 8 below; and
>
> (f)   Employees, including in-house counsel, of the party receiving such Discovery Material who have a bona fide need to see the Discovery Material, solely for the prosecution, defense, and/or appeal of the action.

- 4 -

474927.1

## 7.   Restrictions on the Disclosure of Discovery Materials Designated "Highly Confidential"

Discovery Materials designated "Highly Confidential," and the information contained

therein, shall not be disclosed to any person except:

> (a)   The Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trail, or deposition;
>
> (b)   Outside Counsel for the parties, including legal assistants, paralegals, secretarial, and clerical employees, to the extent reasonably necessary to assist the prosecution, defense, and/or appeal of this action;
>
> (c)   Independent copy services, document processing vendors, litigation consulting services, and graphics services, as needed;
>
> (d)   Qualified experts or consultants retained by counsel in connection with the prosecution, defense and/or appeal of the action only to the extent necessary for such expert or consultant to prepare an opinion, prepare to testify, or assist counsel in the prosecution of the action; and
>
> (e)   To the extent authorized by Section 8 below or by written agreement between the parties.

## 8.   Disclosure to Witnesses

> (a)   Any person retained as an expert witness by a party may be examined at

trial or upon deposition concerning any Discovery Materials designated by such party as

"Confidential" or "Highly Confidential."

> (b)   Discovery Material designated "Confidential" or "Highly Confidential"

may be disclosed without prior notice to the Producing Party to a person other than those

identified in Section 8(a) who is or who may be a witness in this action only if the Discovery

Material expressly indicates that the person was an author, addressee or recipient of the

Discovery Material, or it is otherwise established that the Discovery Material came from such

person's files.

-5-

474927.1

Dbt f !2;18.dw.23268.QCT!!!!!Epdvn f ou31.3!!!!!!Gjrhe!210!4·3119!!!!!Qbhf !7!pg23

           (c)      Before a party may examine as a witness at trial or upon deposition any person other than those identified in Sections 8(a) or (b) concerning Discovery Materials designated "Confidential" of "Highly Confidential," the examining party shall, at least ten (10) calendar days prior to such examination, notify the Producing Party, in writing, of its intent to examine such person concerning the Discovery Materials. A Producing Party receiving notification of intent to examine a witness concerning "Confidential" or "Highly Confidential" Discovery Material may object to the proposed examination by giving written notice of such objection, including the basis for such objection, to the party seeking to conduct the examination. Such notice shall be delivered within five (5) calendar days of counsel's actual receipt of the notification of intent to examine to which the objection is made. If an objection is made, the proposed examination shall not take place until the objection is resolved by agreement of the partiers or determined by the Court. Failure to object within the time period set forth above shall be deemed a consent.

**9.**      **Certification of Persons to Whom Discovery Materials are Disclosed**

           (a)      Prior to disclosure of any Discovery Materials designated "Confidential" to any person described in Sections 6(d), (e) and (f), disclosure of any Discovery Materials designated "Highly Confidential" to any person described in Sections 7(c), and (e), or disclosure of any Discovery Materials designated "Confidential" or "Highly Confidential" to any witness pursuant to Section 8, each person shall read a copy of this Stipulation and Order, and read and sign an undertaking in the form of Exhibit A attached hereto (conformed to refer to the category or categories of Discovery Materials to which such person is permitted access).

           (b)      Further, no fewer than ten (10) calendar days in advance of the initial disclosure of confidential Discovery Materials to any independent outside expert or consultant

- 6 -

474927.1

pursuant to Section 6(d) (materials designated "Confidential") or pursuant to Section 7(e) (materials designated "Highly Confidential"), the party proposing to disclose such Discovery Materials shall submit in writing to counsel for the Producing Party the following:

     (i)    the name, address, and job title of such expert or consultant;

     (ii)   the name and address of such expert or consultant's employer;

     (iii)  the resume or *curriculum vitae* for the expert or consultant; and

     (iv)  a certificate in the form of Exhibit A, attached hereto, signed by the expert or consultant.

   (c)   If the Producing Party objects to the disclosure of the Discovery Materials to such expert, it shall within five (5) business days of receipt of the proposing party's notice, notify the proposing party in writing of its objection and the grounds therefore. If no such objection is made, the proposing party may disclose the information subject to the terms hereof. If, however, the opposing party timely objects to the disclosure and such dispute is not resolved on an informal basis between the parties as specified herein, the proposing party shall submit such objection to the Court for a ruling. In the event of such written objection, the disclosure of Discovery Materials designated "Confidential" or "Highly Confidential" to such expert shall be withheld pending ruling of the Court or written agreement between the parties.

## 10.   Resolution of Challenges to Designations

The parties to this action are not obliged to challenge the designation of any Discovery Materials as "Confidential" or "Highly Confidential" at the time of receipt, disclosure, or designation thereof, and a failure to do so shall not preclude a subsequent challenge to the classification of the Discovery Material. In the event that a receiving party seeks to challenge the appropriateness of any such designation, such party shall consult in good faith with the Designating Party in an effort to resolve the matter on an informal basis. In the event no

- 7 -

474927.1

agreement is reached, the burden shall be upon the receiving party to seek an order permitting disclosure of the disputed materials.  The receiving party shall give no less than five (5) business days written notice to the Producing Party before seeking such an order, identifying (with as much specificity as is practicable) the document or testimony that counsel contends is not entitled to protection.  Any document or testimony incorporating confidential material as to which such application to the Court is made shall continue to be treated as "Confidential" or "Highly Confidential," as the case may be, until the Court rules or the motion is otherwise resolved.  The Producing Party shall have the burden of persuading the Court that good cause exists for the designation of materials as "Confidential" or "Highly Confidential."

## 11.   Inadvertent or Unintentional Production

(a)   The inadvertent or unintentional production of Discovery Materials without a confidentiality designation shall not be deemed a waiver in whole or in part of a party's claim of confidential treatment under the terms of this Order.  Any document that initially is produced without bearing a confidentiality designation may later be so designated, with respect to future disclosure by the Producing Party, and the receiving party shall make all reasonable efforts to retrieve all copies, if any, of such document disclosed to persons other than those authorized in Sections 6 through 8 hereof and to prevent further use or disclosure of confidential information contained therein by such persons.

(b)   If information subject to a claim of attorney-client privilege, attorney work product or any other legal privilege protecting information from discovery is inadvertently produced to a party or parties, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the producing party or other person otherwise would be

- 8 -

474927.1

entitled. If a claim of inadvertent production is made pursuant to this Section, with respect to information then in the custody of another party, such party promptly shall return to the claiming party or person that material and all copies or reproductions thereof as to which the claim of inadvertent production has been made, shall destroy all notes or other work product reflecting the contents of such material, and shall delete such material from any litigation-support or other database. The provisions of this Section shall not be deemed to prevent any party from seeking an order compelling production of any document or information, including documents or information contained in documents that are returned as a result of a claim of inadvertent production.

**12.     Protection of Nonparty Discovery Materials**

In the event that any nonparty shall be called upon, by subpoena or otherwise, to provide or produce Discovery Materials considered confidential or subject to a confidentiality requirement by such nonparty, such nonparty shall become covered by the terms of this Stipulation and Order by notifying outside counsel for all parties in writing. Upon service of such notice, such nonparty may designate Discovery Materials as "Confidential" or "Highly Confidential" in the manner set forth in this Stipulation and Order, and such nonparty's "Confidential" or "Highly Confidential" information shall be treated in the same manner and subject to the same terms as the "Confidential" or "Highly Confidential" information of a party to this action.

-9-

474927.1

## 13.     Maintenance of "Confidential" or "Highly Confidential" Discovery Materials by the Parties

All materials designated "Confidential" or "Highly Confidential" shall be maintained at all times with reasonable precautions taken to ensure that access to such materials is restricted to persons entitled to have such access pursuant to this Order.

## 14.     Further Motions Not Precluded

Entry of this order shall be without prejudice to any motion for further restriction on the production, exchange, or use of any document or other information in the litigation of any claim or action between or involving the parties to this litigation.

## 15.     No Restrictions on Admissibility or Use

Nothing in this order shall restrict the use or disclosure by a party of its own documents or information, including the deposition testimony of its employees or experts. Moreover, nothing in this order prevents counsel from utilizing "Confidential" or "Highly Confidential" Discovery Materials in the examination or cross-examination of any person who is an author or recipient of the confidential or highly confidential information, irrespective of which party produced such information.

## 16.     Return or Destruction of Discovery Materials Upon Termination of This Action

Within sixty (60) days of the final conclusion of this action (including any appeals) and unless the Court otherwise orders, any Discovery Materials designated "Confidential" or "Highly Confidential" and any copies thereof which have been made shall be returned to the Producing Party or, in the alternative, such materials and any copies thereof shall be certified in writing to have been destroyed, and all work product reflecting an opposing party's confidential

- 10 -

474927.1

Case 1:07-cv-12157-PBS   Document 21   Filed 10/06/08   Page 11 of 12

information shall be destroyed, except that outside counsel may retain one copy of all papers
filed with the Court or offered in evidence, subject to the terms of this Order.

**17.   Duration**

Until the Court rules on Defendants' Motion for Protective Order (D.I. 15) and
Plaintiff's Cross-Motion for Protective Order (D.I. 22) and enters a protective order consistent
with such ruling, this Order shall continue to be binding.

**IT IS SO ORDERED:**

Dated: _____

United States District Judge

474927.1

Dbt f !2;18.dw 23268.QCT!!!!!Epdvn f ou31.3!!!!!!Gjrfe!210l4ß119!!!!!Qbhf !23!pg23

## EXHIBIT A

### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

Real View, LLC,                      )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )    Civil Action No. 07-12157
                                     )
20-20 Technologies, Inc.             )
                                     )
                                     )
        Defendant.                   )
_____)

## CONFIDENTIALITY UNDERTAKING

I hereby acknowledge that I have read a copy of the Protective Order Regarding Confidentiality of Discovery Materials entered in the action presently pending in this case, that I understand the terms thereof and agree to abide by its terms, and agree to submit to the jurisdiction of the United States District Court for the District of Massachusetts, wherever I may be, for the enforcement of this Protective Order Regarding Confidentiality of Discovery Materials and for sanctions of violations thereof.

Signed under the penalties of perjury this _____ day of _____, 20___.

Signature: _____

Printed Name: _____

474927.1