UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| REAL VIEW, LLC<br><br>        Plaintiff,<br><br>v.<br><br>20-20 TECHNOLOGIES, INC.,<br><br>        Defendant. | CIVIL ACTION NO. 07-12157 |

20-20 TECHNOLOGIES, INC.,

        Counterclaim Plaintiff

v.

REAL VIEW, LLC

        Counterclaim Defendant, and

BORIS ZELDIN and LEONID PERLOV

        Additional Party Defendants
        in Counterclaim

## RESPONSES OF 20-20 TECHNOLOGIES INC. TO REAL VIEW LLC'S FIRST SET OF INTERROGATORIES

Defendant 20-20 Technologies Inc. ("20-20"), by its attorneys Dechert LLP, responds to Plaintiff Real View, LLC's ("Real View") First Interrogatories as follows.

## STATED OBJECTIONS

20-20 makes the following objections to these interrogatories. Each of these objections is incorporated into each of 20-20's separate responses to Real View's specific interrogatories as though fully set forth therein. Further, 20-20 submits its responses to these interrogatories without conceding the relevancy or materiality of the subject matter

of any interrogatory and without prejudice to 20-20's right to object to further discovery or to object to the admissibility of any proof on the subject matter of any response at the time of trial, or to correct, supplement, or clarify any of its responses.

1.    20-20 objects to these interrogatories to the extent they are vague and incomprehensible.

2.    20-20 objects to these interrogatories to the extent that they are overbroad and unduly burdensome, seek information not relevant to the subject matter of this case and are not reasonably calculated to lead to the discovery of admissible evidence.

3.    20-20 objects to these interrogatories to the extent they seek information protected by the attorney-client privilege and/or the attorney work product doctrine.

4.    20-20 objects to these interrogatories to the extent they seek 20-20's confidential and/or proprietary technical or business information beyond the scope of the protective order.

5.    20-20 objects to these interrogatories to the extent they are unnecessarily extensive, burdensome and repetitive.

## RESPONSES

Interrogatory No. 1:

Identify every person known to you (or to any person acting on your behalf) to have personal knowledge of any facts or matters alleged in the Complaint and Counterclaim, including without limitation any person having knowledge concerning the allegations underlying the claims brought by Real View and the counterclaims brought by the defendant. With respect to each such person, specify in detail the matters as to which you believe that person has knowledge.

**Response No. 1:**

20-20 objects to this request based on objections 1 through 5, supra. 20-20 further objects to this interrogatory to the extent that it is vague, ambiguous, overbroad and unduly burdensome. Notwithstanding and subject to the foregoing objections, 20-20 states that Christian Dubuc, William Smith and Pierre Bénard have general and/or specific knowledge of the facts or matters alleged in the Complaint and Counterclaim.

Interrogatory No. 2:

State the version number of each public release of the 20-20 Design Product sold or licensed, and as to each version state the date the version was released and identify the person or persons responsible for the design of the user interface of that version. Please include in your response not only employees of 20-20 Technologies, but all independent contractors or third-party businesses.

**Response No. 2:**

20-20 objects to this request based on objections 1 through 5, supra. 20-20 further objects to this interrogatory to the extent that it is vague, ambiguous, overbroad and unduly burdensome. Notwithstanding and subject to the foregoing objections, 20-20 states the following:

2020 Design, v. 6.0 GR1 was released on June 15, 2000

2020 Design, v. 6.06 was released on January 11, 2002

2020 Design, v. 6.1 was released on August 20, 2002

2020 Design, v. 6.4 was released in September 8, 2003

2020 Design, v. 8.0 was released on May 20, 2006

2020 Design, v. 8.1 was released in spring of 2008

In all these cases, while many employees of 20-20 participated in the design of the user interface of 2020 Design, Christian Dubuc, William Smith and Pierre Bénard were the main employees responsible for the design of the user interface. 20-20 further states that no independent contractors or third-party businesses were responsible for the design of the user interface of any version of 2020 Design.

Interrogatory No. 3:

Identify all industry design standards used or consulted in the development of the 20-20 Design Product.

**Response No. 3:**

20-20 objects to this request based on objections 1 through 5, supra. 20-20 further objects to this interrogatory to the extent that it is vague, ambiguous, overbroad and unduly burdensome. Notwithstanding and subject to the foregoing objections, 20-20 states that it developed 2020 Design over a period of more than twenty years and therefore has gradually created a unique and distinctive software product, not based on or copied from any competitive or other software product. While 2020 Design includes some standard expressions and features that are used by and incorporated in many software products such as "file", "save", etc. following applicable Microsoft conventions, the overall placement of 2020 Design's components and the design of its interface for particular tasks to fit the particular needs of the kitchen and bath industry has been and is still the object of an ongoing creative process performed by 20-20 and its employees independently from any other software products or third party.

Interrogatory No. 4:

Identify all products used or consulted in the development of the 20-20 Design Product.

**Response No. 4:**

20-20 objects to this request based on objections 1 through 5, <u>supra</u>. 20-20 further objects to this interrogatory to the extent that it is vague, ambiguous, overbroad and unduly burdensome and seeks information not relevant to the subject matter of this case and are not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and subject to the foregoing objections, 20-20 refers to its response No. 3 above and adds that it did not consult any third party products in the development of 2020 Design.

Interrogatory No. 5:

Identify and describe the process and research conducted by 20-20 Design to create the user interface for the 20-20 Design Product.

**Response No. 5:**

20-20 objects to this request based on objections 1 through 5, <u>supra</u>. 20-20 further objects to this interrogatory to the extent that it is vague, ambiguous, overbroad and unduly burdensome and seek information not relevant to the subject matter of this case and are not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and subject to the foregoing objections, 20-20 refers to its response No. 3 above and adds that every change or improvement to 2020 Design is the result of an ongoing process of unique and distinctive creation and development within 20-20.

Interrogatory No. 6:

Identify with specificity every element of the 20-20 Design Product user interface that you contend was copied by Real View, and for each element state (a) the version of Pro Kitchen that contains the element; and (b) the version of the 20-20 Design Product that contains the element. Your response should include, but not be limited to:
a. Command terms;
b. Menu trees, menu structures and menu command hierarchies;
c. Screen displays;
d. Icons or desktop metaphors;
e. Logos;
f. Frames, buttons or menu bars;
g. Menus or submenus;
h. Any other element of expression;
i. Any method of operation.

**Response No. 6:**

20-20 objects to this request based on objections 1 through 5, supra. 20-20 further objects

to this interrogatory to the extent that it is vague, ambiguous, overbroad and unduly

burdensome. 20-20 further objects on the grounds that Real View has not yet produced in

discovery the requested versions of its ProKitchen product and discovery is still ongoing

in this matter.   Notwithstanding and subject to the foregoing objections and subject to

further consultation and expert examination, testimony and report, 20-20 states that   a

preliminary review shows that at least the following elements have been copied,

sometimes identically (the following list is not comprehensive):

1.   Many features and/or expressions and location thereof in Pro-Kitchen's/2020

     Design's main menu, such as: place, measurements/dimensions, comment/draw and

     report;

2.   "save as image" feature, expression and location in Pro-Kitchen's/2020 Design's file

     menu;

3.  "attribute" feature, expression and location in Pro-Kitchen's/2020 Design's edit menu;

4.  "top toolbar, left toolbar / toolbars" feature, expression and location in Pro-Kitchen's/2020 Design's view menu;

5.  "bill of material / show item list" feature and location in Pro-Kitchen's/2020 Design's view menu;

6.  "catalog/drag & drop list", "edit/edit box", "info/information box" feature and location thereof in Pro-Kitchen's/2020 Design's view menu;

7.  "elevation" feature, expression and location in Pro-Kitchen's/2020 Design's view menu;

8.  Display of floor plan and elevation on the same screen, which are updated mutually and simultaneously in Pro-Kitchen/2020 Design

9.  Concept of view tabs, including the feature itself and location at the top of both the floor plan view and the elevation view in Pro-Kitchen/2020 Design

10. "Horizontal", "Vertical", "Aligned", "Angular", "Point to Line", "Line to Line" features, expressions, order as well as the icons in the Pro-Kitchen/2020 Design measurements menu/dimensions menu

11. Possibility to modify measurements upon right-click popup menu, popup menu features and order in which they are placed in Pro-Kitchen/2020 Design

12. In this right-click popup, "move", "left ext./left ext. line", "right line/ right ext. line" feature, expression and location in Prokitchen/2020 Design

13. Possibility to divide the left and right exterior line modification, though the end user will almost always require both modifications at the same time in Pro-Kitchen/2020 Design

14. Possibility to add a tag number to notes inserted by end users in Pro-Kitchen/2020 Design

15. "add comment/note" and "add line/line" features in Pro-Kitchen's/2020 Design's comment/draw menu

16. Icons' design and features and order in which they are placed in Pro-Kitchen's/2020 Design's shortcut toolbar

17. Possibility to use three different ways to place items such as appliances, cabinets, counter tops, etc. in Pro-Kitchen/2020 Design

18. Toolbar both on top and on the left of the screen of Pro-Kitchen/2020 Design

19. Cabinet placement and modification work area features, expressions, design and location – including division of the work area in five parts; a) the picture of the item, b) the catalogue, c) the categories of the catalogue, d) the contents of the category of the catalogue and e) the quick search option box - in Pro-Kitchen/2020 Design

20. Possibility to hide and show descriptions or items in the "drag & drop" list of the above work area through a mouse right-click in Pro-Kitchen/2020 Design

21. In right-click menu of cabinet in Pro-Kitchen/2020 Design, "drag", center", "move", "rotate", "in/out", "up/down", copy/duplication, "attributes", "add to group/selection name" features, expression and location

22. "Elevation" and "Design/Floor Plan" features, expressions, design – including possibility to assign different tabs at the top and bottom of work area in Pro-Kitchen/2020 Design

23. "Display Settings/Display Settings for all" features, expressions, design in Pro-Kitchen/2020 Design

24. "Design Settings / Design Information" menu features, expression in Pro-Kitchen/2020 Design

25. Drawing and modifying walls – including possibility of drawing "solid walls" or "construction lines" and possibility to do so via mouse clicks or by typing measurements on left toolbar – in Pro-Kitchen/2020 Design

26. Possibility to change angles of walls through mouse right-clicks in Pro-Kitchen/2020 Design

27. "wall groups" concept, feature, expression and possibility to reach feature through mouse right-clicks in Pro-Kitchen/2020 Design

28. In this right-click popup menu in Pro-Kitchen/2020 Design, "extrude", "add", "rotate" and "add elevation" feature, expression and location

29. "wall", "construction line", "wall zones", "zones" feature - such as adding and removing the inside and outside of the placement zone, changing wall thickness and wall height, changing a wall into a construction line and vice versa-, expression and location in the "wall attributes/wall properties" window in Pro-Kitchen/2020 Design

30. Possibility to attain "wall attributes/wall properties" window through a mouse right-click in Pro-Kitchen/2020 Design

31. Placing windows and doors features – including possibility to attain options using toolbar shortcut or drag & drop list and possibility to either use the mouse or type the windows' or doors' coordinates to place them in Pro-Kitchen/2020 Design

32. "any items" "attributes for [item identification number]" window feature, expression, options, design – including names of each function and boxes, the layout of the screen, the different tabs and the use of "BOM" expression – in Pro-Kitchen/2020 Design

33. List of items "BOM/Items" window, design, features and expressions – such as "BOM", "Plan Item", "Factory Quoted Items" – in ProKitchen/2020 Design

34. "global specifications/styles & pricing" features and expressions in Prokitchen/2020 Design

35. 3D and Isometric output in ProKitchen/2020 Design

36. **'Title block'** which includes namely, on top: disclaimer, logo, original design notice and the date of design; and on the bottom: design/drawing identification information in ProKitchen/2020 Design.

Interrogatory No. 7:

Identify with specificity every menu command of the 20-20 Design Product that you contend was copied by Real View, and as to each state:
(a) the version of Pro Kitchen that contains the element; and
(b) the version of the 20-20 Design Product that contains the element.

**Response No. 7:**

20-20 objects to this request based on objections 1 through 5, supra. 20-20 further objects to this interrogatory to the extent that it is vague, ambiguous, overbroad and unduly burdensome. Notwithstanding and subject to the foregoing objections, 20-20 refers to its Response No. 6 above.

Interrogatory No. 8:

In the event that there is any idiosyncrasy or design flaw in the 20-20 Design Product that also appears in ProKitchen, describe the item and produce any document concerning the item.

**Response No. 8:**

20-20 objects to this request based on objections 1 through 5, supra. 20-20 further objects to this interrogatory to the extent that it is vague, ambiguous, overbroad and unduly burdensome. Notwithstanding and subject to the foregoing objections and subject to further consultation and expert examination, testimony and report, 20-20 states that, as an example, the following idiosyncrasies have been copied in ProKitchen (the following list is not comprehensive):

- Possibility to divide the left and right exterior line modification, though the end user will almost always require both modifications at the same time in Pro-Kitchen/2020 Design

- Possibility to use three different ways to place items such as appliances, cabinets, counter tops, etc. in Pro-Kitchen/2020 Design

Interrogatory No. 9:

Identify every incident of consumer confusion of which you are aware that resulted from Real View's alleged copying of the 20-20 Design Product.

**Response No. 9:**

20-20 objects to this request based on objections 1 through 5, supra. Notwithstanding and subject to the foregoing objections, 20-20 states that discovery is still pending, but for example, 20-20 received a call from a customer experiencing technical difficulties with a software product it had purchased firmly believing it was 2020 Design while in fact it had purchased ProKitchen.

Interrogatory No. 10:

Identify every document that concerns the registration of the 20-20 Design Product with the United States Copyright Office.

**Response No. 10:**

20-20 objects to this request based on objections 1 through 5, <u>supra</u>. 20-20 further objects

to this interrogatory to the extent that it is vague, ambiguous, overbroad and unduly

burdensome. Notwithstanding and subject to the foregoing objections, 20-20 refers you to

Response No. 3 to Plaintiff's First Request for the Production of Documents.

Interrogatory No. 11:

Identify every document that concerns the specifications of the design of the interface of the 20-20 Design Product, and for each specification identify (a) the individual who produced the specification; (b) the individual responsible for receiving the specification and creating a portion of the 20-20 Design Product in compliance with the specification; (c) the element of the 20-20 Design Product produced from the specification.

**Response No. 11:**

20-20 objects to this request based on objections 1 through 5, <u>supra</u>. 20-20 further objects

to this interrogatory to the extent that it is vague, ambiguous, overbroad and unduly

burdensome and seeks information not relevant to the subject matter of this case and are

not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding and subject to the forgoing objections, 20-20 refers you to Responses to

Plaintiff's First Request for the Production of Documents.

Interrogatory No. 12:

Identify any analysis you have created or obtained of competing kitchen design software that supports manufacturer catalogs.

**Response No. 12:**

20-20 objects to this request based on objections 1 through 5, <u>supra</u>. 20-20 further objects to this interrogatory to the extent that it is vague, ambiguous, overbroad and unduly burdensome, seeks information not relevant to the subject matter of this case and are not reasonably calculated to lead to the discovery of admissible evidence and seeks documents and information protected by the attorney-client privilege and/or the attorney work product doctrine.

Interrogatory No. 13:

To the extent not addressed in response to the preceding interrogatories, state the detailed basis for your allegation that Plaintiffs have copied elements of the 20-20 Design Product that are protected by copyright law.

**Response No. 13:**

20-20 objects to this request based on objections 1 through 5, <u>supra</u>. 20-20 further objects to this interrogatory to the extent that it is vague, ambiguous, overbroad and unduly burdensome. Notwithstanding and subject to the foregoing objections, 20-20 refers you to all Responses above and below.

Interrogatory No. 14:

State the basis for your allegation that Plaintiff's acts of alleged infringement were knowing, willful and deliberate.

**Response No. 14:**

Plaintiffs, by their own admission, obtained copies of 2020 Design versions 5.0 and/or 6.1, and knowingly, willfully and deliberately copied constituent elements, including features, expressions and functionalities, contained in the graphical user interface of 20-20 Design and incorporated them into ProKitchen.

Interrogatory No. 15:

State the basis for your allegation that as a direct and proximate result of Plaintiffs acts of alleged infringement, 20-20 has suffered actual and irreparable injury for which no adequate remedy exists at law.

**Response No. 15:**

Plaintiffs have been unlawfully selling its infringing ProKitchen software at a price that is substantially lower than the price for 2020 Design.  Plaintiffs have made statements to customers and potential customers that ProKitchen is the same as 2020 Design or that it is the cheaper version of 2020 design, and have made false and deceptive statements to customers and potential customers concerning the quality of 2020 Design and the financial stability of 2020 Technologies, Inc.   Mistaken customer association of ProKitchen to 20-20 has caused and continues to cause damage to the goodwill and reputation of 20-20 in the industry.  As long as the infringing ProKitchen software continues to be marketed and sold, 20-20 suffers actual, irreparable and continuing injury for which no adequate remedy at law exists.

Interrogatory No. 16:

State the basis for your allegation that customers are likely to associate the Real View product with 20-20 Technologies and/or the 20-20 Design Product and be confused into thinking that ProKitchen is one of, or is related to, 20-20 Technologies' products, or that 20-20 Technologies somehow endorses or licenses ProKitchen, or that Real View and 20-20 Technologies are somehow affiliated or associated. Identify with specificity every instance that you are aware of in which customers made such an association.

**Response No. 16:**

Plaintiffs, by their own admission, have essentially replicated the appearance, design and other unique features, including the look and feel, of 2020 Design into its infringing ProKitchen software.  Plaintiffs have also replicated certain advertising, promotions and

marketing of 20-20 in its selling of its infringing ProKitchen software.  Taken together, such actions are likely to confuse, mislead and deceive 20-20 customers and potential customers into believing that ProKitchen has been sponsored, approved, authorized or licensed by 20-20, or is in some way affiliated with 20-20.   20-20 also refers you Response No. 9 above, and to documents produced in Responses to Plaintiff's First Request for the Production of Documents.

Interrogatory No. 17:

Identify every instance of conduct by Plaintiffs in advertising, promoting, marketing, offering and selling ProKitchen that was likely to (or in fact did) confuse, mislead and/or deceive any 20-20 customer, purchaser or potential purchaser as to the origin of the ProKitchen product or lead such person to believe that ProKitchen has been sponsored, approved, authorized or licensed by 20-20 Technologies or is in some way affiliated with 20-20 Technologies.

**Response No. 17:**

20-20 objects to this request based on objections 1 through 5, supra. 20-20 further objects to this interrogatory to the extent that it is vague, ambiguous, overbroad and unduly burdensome. Notwithstanding and subject to the foregoing objections, 20-20 states that, subject to further investigation, so far it has noticed the following instances of conduct, product, initiative or material of Plaintiffs:

- ProKitchen product itself, due to the striking similarity to 2020 Design;
- ProKitchen's pricing structure, due to the striking similarity to 2020 Design's;
- ProKitchen's competing product license exchange program, due to the striking similarity to 2020 Design's;
- ProKitchen's improvements based on 2020 Design's ongoing improvements, such as the new updated bath fixtures' catalogue following the introduction of 20-20's identical improvement to 2020 Design;

- ProKitchen's showroom – though apparently never launched, due to the striking similarity to 20-20's virtual showroom;

- Plaintiffs' employment offer mentioning experience with "2020" as an important factor;

- Plaintiffs' unauthorized and illegal use of 20-20 Technologies Inc.'s trademark(s) in at least the above employment offer.

Interrogatory No. 18:

Identify every instance in which 20-20 has used the name of Real View or ProKitchen in its advertising or other promotional materials and for each instance describe the context and how specifically the name Real View or ProKitchen was used or mentioned.

**Response No. 18:**

20-20 has never used the name of Real View or ProKitchen in its advertising or other promotional materials.

Interrogatory No. 19:

Identify the basis for your allegation that Plaintiffs have interfered with 20‑20's advantageous relations.

**Response No. 19:**

Plaintiffs have interfered with 20-20's advantageous relations by using the similarities in features and appearance of its infringing ProKitchen software as a basis for inducing customers and prospective customers to purchase Real View's product.  Plaintiffs have made false and misleading statements about 2020 Design and 20-20 Technologies, Inc. to customers and prospective customers.  Plaintiffs have also engaged and continue to engage in a scheme to interfere with 20-20's established relationships with its supporting

manufacturers to minimize training requirements as the basis for inducing those manufacturers to enter into a business relationship with Real View.

Interrogatory No. 20:

Identify all documents related to and describe all circumstances in which Defendant has accessed or viewed Real View's software, including the versions of ProKitchen Design, and the dates on which 20-20 Technologies obtained access to the software, the title and version of the software accessed or viewed. If 20-20 Technologies has a copy of the Real View software in its possession, or at any time has had such a copy in its possession, state in detail how the software was obtained (including the source of the software), and the dates of such possession.

**Response No. 20:**

20-20 objects to this request based on objections 1 through 5, supra. Notwithstanding and subject to the foregoing objections, 20-20 states that approximately twelve years ago, it entered into a business relationship with a third party consultant responsible for assessing 20-20's competition by evaluating 2020 Design's competing software products. On or around July 17th, 2007, this third party consultant purchased ProKitchen, version 2. After reviewing it, he proceeded to inform 20-20 of the various important similarities between ProKitchen and 2020 Design and performed a demo for 20-20 in order for 20-20 to examine first-hand the copying of 2020 Design's overall design, features and various expressions of ideas and concepts. After this demo, 20-20 retained the ProKitchen software at its offices for further examination. 20-20 has since sent the ProKitchen software back to the third party consultant.

Interrogatory No. 21:

Identify all documents related to and describe all circumstances in which 20-20 Technologies became aware of the Real View product "ProKitchen Showroom" referred to in Defendant's First Set of Interrogatories.

**Response No. 21:**

20-20 objects to this request based on objections 1 through 5, <u>supra</u>. 20-20 further objects to this interrogatory to the extent that it seeks information not relevant to the subject matter of this case and are not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and subject to the foregoing objections, 20-20 states that it received an advertisement regarding "ProKitchen Showroom" as well as many others of Plaintiff's through our third party consultant referred to in Response No. 20 above as well as through many of our United States Authorized Industry Consultants who regularly receive advertisements and promotional materials from Plaintiff.

Interrogatory No. 22:

Identify all cabinet manufacturers whose catalogues are (or have at any time been) accessible through 20-20 Technologies' product.

**Response No. 22:**

20-20 objects to this request based on objections 1 through 5, <u>supra</u>. 20-20 further objects to this interrogatory to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and subject to the foregoing objections, 20-20 states that, to the best of its knowledge, the following cabinet manufacturers have or have had catalogues accessible through 2020 Design:

- Acorn Kitchens Ltd
- American Modern Cabinets, LLC.
- Armoires de Cuisine Bernier Inc.
- Atcan Industries Ltd.
- Bertch Cabinet Manufacturing

- Adelphi Kitchens Inc
- American Woodmark Corp.
- Armstrong Cabinets
- Avanti Kitchens
- Birchcraft Kitchens Inc.

- American Best Cabinets Inc
- Aristocratic Cabinets Inc.
- Art For Everyday Inc.
- Bentwood Kitchens
- Bothers Woodworking Inc.

- Brandom Mfg. of Texas
- Candelight Cabinetry
- Cardinal Kitchens Ltd.
- Colorado Designer Cabinetry
- Crestwood Inc.
- Custom Cupboards
- Dakota Kitchen & Bath
- DePere Cabinets
- Distribution Option Kit
- Dynasty Kitchen Cabinets
- Edgewater Cabinets
- Master Craft
- Elmwood Kitchens Ltd.
- Executive Kitchens Inc.
- Great Northern Cabinetry Inc.
- Haas Cabinet Co. Inc.
- Hanover Kitchens (Canada) Inc.
- Hillcraft
- Huggy Bear Cupboards Inc.
- Irpinia
- Just Cabinets Inc.
- Karman Kitchens
- Kitchen Depot of Huntington Inc.

- Cabinets by Nichols Inc.
- Canyon Creek Cabinet Co.
- CE Cabinets (div. Of MAAX)
- Coppes Napanee Company
- Crystal Cabinet Works Inc.
- Custom Designs Manufacturing
- Decor Cabinets Ltd.
- Designer Choice Cabinetry
- Dura Supreme
- Eagle Crest Cabinetry Inc.
- Medallion Kitchens
- Enkeboll Designs
- Fashion Cabinets Mfg.
- Greenfield Cabinetry, LLC
- Hagerstown Kitchens Inc.
- Hanssem Corporation
- Hi Lo Custom Cabinets
- Huntwood Industries
- Jay Rambo Company
- K & H Cabinet Company
- Keener Kitchens Manufacturing Co.
- Kitchen Kompact Inc.

- Cabinex
- Cardell Cabinets Inc.
- Classic Cabinets
- CornerStone Cabinetry
- Cuisines Laurier (1990)
- Custom Wood Products Inc.
- Denla Inc.
- DeWils Industries
- Dutch Mills Inc.
- Eastland Industries Ltd.
- Yorktown Inc.
- Euro Rite Cabinets
- Grandview Products Co. Inc.
- Groupe Luxorama Ltée (Le)
- Hampshire Co. (The)
- Hertco Kitchens Mfg. Ltd.
- Holiday Kitchens
- Imperia Corporation
- Jim Bishop Cabinets Inc.
- Kabinart
- Kingswood Kitchens
- Lafata Cabinets

- Laminated Products Inc.
- Lifetime Cabinets

- Mill's Pride Ltd.
- Aristokraft Inc.
- HomeCrest Corp.

- NHB Industries Ltd.

- Mega Cabinets Inc.

- Mouser Custom Cabinetry, LLC
- Fieldstone Cabinetry Inc.
- Ultracraft Company

- Oakcraft Inc.

- Pacific Rim Cabinets Ltd.
- Pioneer Cabinetry Inc.
- Popular Design Mill & Cabinets
- Quality Custom Cabinetry Inc.
- Groupe Cabico
- Sunshine Kitchens

- Riviera Cabinets Inc.
- Rosewood Industries
- Schmidt Cabinet Co. Inc.
- Selba Industries Inc.

- Showplace Wood Products
- Superior Millwork Ltd.

- Laminwood Products Inc.
- Luxo-Marbre
- Kraftmaid Cabinetry Inc.
- Texwood Industries
- Decora
- Kemper

- Omega Cabinets

- Merit Kitchens Ltd.

- Niagara Artcraft Co. Ltd.
- MidContinent

- Norwood Custom Cabinets Co.
- Olympia Sales Co.

- Paris Kitchens

- Plain'N Fancy Kitchens Inc.
- Prestige Inc.

- Regal Kitchens

- Legacy Cabinets
- Rich Maid Kabinetry
- Robco Cabinets

- RSI Company

- Schroll Cabinets Inc.

- Siematic Canada

- Sunco

- Tedd Wood Inc.

- Laurysen Kitchens Ltd.
- Marsh Furniture Co.
- Merillat Industries

- Quality Cabinets
- Diamond Cabinets
- Kitchen Craft Of Canada
- Schrock Cabinet Group
- Mountaineer Wood-Craft

- Starmark Inc.

- Nu-Way Kitchens Ltd.
- Pacific Crest Industries
- Pennville Custom Cabinets
- Plato Woodworking Inc.
- Quaker Maid

- Republic Ind.
- Richelieu

- Rosebud Manufacturing
- Saco Industries

- Schuler Corporation

- Signature Custom Cabinetry Inc.
- Sunny Wood Products
- Timberline Cabinets

- Triangle Kitchens
- Vanités B & F Ltée
- Wayneco Inc
- Western Cabinets Inc.
- Woodharbor Moldings & Millwork
- W W Wood Products Inc.

- Tru-Wood Cabinets Inc.
- Vartta Industries
- Wellborn Cabinet Inc.
- Westridge Cabinets Ltd.
- Woodland Cabinetry

- Young Furniture Mfg.

- Valley Cabinet Inc.
- Ward's Cabinetry
- Wellborn Forest Products
- White River
- Wood-Mode Cabinetry Inc.

Interrogatory No. 23:

Identify all documents related to and describe all communications with any cabinet manufacturer, dealers, clients or potential clients of 20-20 Technologies and any employee or agent of 20-20 Technologies in which Real View or ProKitchen has ever been mentioned.

**Response No. 23:**

20-20 objects to this request based on objections 1 through 5, <u>supra</u>. 20-20 further objects to this interrogatory to the extent that it is vague, ambiguous, overbroad and unduly burdensome and seeks information not relevant to the subject matter of this case and are not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and subject to the foregoing objections, 20-20 states that it does not normally as a matter of practice refer to its competitors in its presentations.

Interrogatory No. 24:

Identify, itemize, and describe in detail all damages, expenses and losses you are claiming in this litigation and identify each document that refers, relates to, evidences, or supports any damages claimed by you in this litigation.

**Response No. 24:**

Most of the information related to damages is currently in possession of Real View.

Discovery is ongoing still, and 20-20 will supplement this response accordingly, and/or

will provide this information in accordance with the scheduling order.

Interrogatory No. 25:

Identify each person you expect to call as an expert witness at the trial and, with respect
to each such person:
(a) Describe in detail the subject matter on which the person is expected to testify;
(b) State in detail the substance of the facts to which the person is expected to testify;
(c) State in detail the substance of all opinions to which the person is expected to testify;
and
(d) State in detail the grounds for each opinion.

**Response No. 25:**

20-20 will provide this information in accordance with the scheduling order.

Date: October 22, 2008

Respectfully submitted,

20-20 Technologies, Inc.

By their attorneys,

_____
Timothy C. Blank (BBO# 548670)
Joybell Chitbangonsyn (BBO# 669836)
DECHERT LLP
200 Clarendon St. 27th Floor
Boston, MA 02116
(617) 728-7100