UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

| | |
|---|---|
| REAL VIEW, LLC, | ) |
| | ) |
|     Plaintiff and Counterclaim | ) |
|     Defendant | ) |
| | ) |
| | ) |
|     v. | ) |
| | ) |
| 20-20 TECHNOLOGIES, INC., | )    CIVIL ACTION NO.  07-12157-PBS |
| | ) |
|     Defendant and Counterclaim | ) |
|     Plaintiff | ) |
| | ) |
| BORIS ZELDIN AND LEONID PERLOV | ) |
| Additional Party Defendants | ) |
| in Counterclaim. | ) |

_____

**REALVIEW LLC, BORIS ZELDIN AND LEONID PERLOV'S
MEMORANDUM OF LAW REGARDING
"METHODS OF OPERATION" JURY INSTRUCTION**

At the charge conference held on January 27, 2010, the Court provided the parties with draft jury instructions which informed the jury that methods of operation are not copyrightable. However, the Court proposed to provide an instruction that would permit the jury to include methods of operation as part of the compilation that the jury may consider in comparing the two software interfaces in this case.  Real View LLC, Boris Zeldin and Leonid Perlov (collectively "Real View") contend that such an instruction would be directly contrary to the First Circuit's holding in Lotus Development Corp. v. Borland Intern., Inc., 49 F. 3d 807 (1st Cir. 1995), aff'd by an equally divided court, 516 U.S. 233 (1996).  Accordingly, Real View respectfully requests that the Court instruct the jury that methods of operation are uncopyrightable, and should be excluded from any comparison of the interfaces.

**ARGUMENT**

17 U.S.C. § 102(b). Section 102(b) states:

> In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, **method of operation**, concept, principle, or discovery, **regardless of the form** in which it is described, explained, illustrated, or embodied in such work. (Emphasis added).

The question of whether a "compilation" of "method of operation" may be protected by copyright was before the First Circuit in Lotus v. Borland.  In the last of the four decisions written by Judge Robert Keeton, the District Court stated that it was protecting the "structure" of the "menu tree" or the "**selection and arrangement** of executable operations" as a "non-literal aspect" of the computer program.  Lotus Dev. Corp. v. Borland Int'l, Inc., 831 F. Supp. 223, 232-33 (D. Mass. 1993) (emphasis added).[1]  This rationale was acknowledged by the First Circuit: "the district court concluded that the Lotus developers' **choice and arrangement** of command terms, reflected in the Lotus menu command hierarchy, constituted copyrightable expression."  Lotus, 49 F.3d at 811 (emphasis added).  This was not contested by Borland on appeal.[2]

Despite the district court's rationale, and Borland's outright admission that it had copied 469 menu commands from Lotus 1-2-3 (essentially the entire command structure), the First

---

[1]   17 U.S.C. § 101 defines a "compilation," in relevant part, as follows (emphasis added):

> A "compilation" is a work formed by the collection and assembling of preexisting materials or of data that are **selected, coordinated, or arranged** in such a way that the resulting work as a whole constitutes an original work of authorship.

[2]   "Borland does not dispute that it factually copied the words and arrangement of the Lotus menu command hierarchy. Rather, Borland argues that it 'lawfully copied the unprotectable menus of Lotus 1-2-3.' **Borland contends that the Lotus menu command hierarchy is not copyrightable** because it is a system, method of operation, process, or procedure foreclosed from protection by 17 U.S.C. § 102(b)."  Lotus, supra, 49 F.3d at 813 (emphasis added).

Circuit declined to find the "selection and arrangement" of the command terms protected by copyright.  Id. at 816.

In making this ruling the First Circuit was cognizant of the "minimal degree of creativity" required to protect a compilation, as established in Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340 (1991).[3]  The Lotus 1-2-3 clearly satisfied the minimal creativity requirement, and was protectable as a compilation of 469 menu commands.

Despite this, the First Circuit denied protection to this compilation, stating that its decision did not "go against" Feist.  The First Circuit stated that originality does not indicate "that all expression is necessarily copyrightable; while original expression is necessary for copyright protection, we do not think that it is alone sufficient.  Courts must still inquire whether original expression falls within one of the categories foreclosed from copyright protection by § 102(b), such as being a 'method of operation.'"  Lotus, 49 F.3d at 818 (emphasis added).  Thus, under First Circuit law methods of operation are unprotectible, even if they contain original expression and satisfy the standard of minimal creativity. As reflected in the Court's Copyrightability Order of February 11, 2009, methods of operation are filtered first.  Then, and only then, are the filters of ideas, non-originality, merger, scènes à faire and public domain applied.  Under Lotus, method of operation are never protectible by copyright.

Significantly, the First Circuit noted that its holding was "bolstered" by Baker v. Selden, 101 U.S. 99 (1879).  As the First Circuit noted, in Baker v. Seldin, the Supreme Court held that while the "description of the art [that is, the science] in a book" may be "entitled to the benefit of copyright," this "lays no foundation for an exclusive claim to the art itself. . . . The [art itself] can only be secured, if it can be secured at all, by letters-patent."  49 F.3d at 817 (quoting Baker v. Seldin, internal citations omitted).  The First Circuit continued, stating that "Lotus wrote its

---

[3]  In determining whether a compilation was protectable, the Feist Court held the "originality" requirement in copyright law was very low: it required only that the "work was independently created by the author" and "possesse[d] at least some minimal degree of creativity."  499 U.S. at 345.

menu command hierarchy so that people could learn it and use it.  Accordingly, it falls squarely

within the prohibition on copyright protection established in Baker v. Selden and codified by

Congress in § 102(b).**"** Id.

The evidence 20-20 has presented to the jury is overwhelmingly dominated by methods

of operation.  In fact, the methods of operation presented by 20-20 are far more functional -- and

far less expressive -- than the menus commands Lotus v. Borland.  For example, 20-20's witness,

John Morgan, demonstrated for the jury:

- the "continuous wall feature" in the two programs (Tr. 3-83).
- the use of the computer mouse to "rotate" a wall on the screen (including right and left clicks) (Tr. 3-84).
- the use of the so-called "edit" box to enter distances and coordinates (Tr. 3-85).
- using the mouse or the edit box to "place" a cabinet  (Tr. 3-87).
- the functionality of the "placement zone" (Tr. 3-87)

There is absolutely no copyrightable expression associated with these features, and they

clearly run afoul of the doctrine in Lotus v. Borland, which holds that the "means by which a

person operates something" is an uncopyrightable method of operation.  Lotus, 49 F.3d at 816.

This "prohibition" is absolute, and is not circumvented by including a method of operation

within "compilation."  Just as a compilation of 469 menu commands was "not protectable by

copyright." (id. at 821; Boudin, J., concurring), so the tools by which a person operates 20-20

Design are not protectable.

Many courts have followed Lotus' holding with respect to methods of operation.  See,

e.g., Ilog, Inc. v. Bell Logic, LLC, 181 F. Supp. 2d 3, 9, 10 (D. Mass. 2002), quoting Lotus, 49

F.3d at 816 (Under Lotus, "where the expression is part of the method of operation even the

expression is not copyrightable . . . ." "[t]his Court therefore begins by analyzing Bell Logic's

eighteen elements in the aggregate—are rules editors themselves copyrightable?  If they are not,

then as in Lotus, there can be no infringement"); Jamison Business Systems v. Unique Software

Support Corp., 2005 U.S. Dist. LEXIS 45480 at *35-36 (E.D.N.Y. 2005) (eighteen "menu

command hierarchy screens" submitted by plaintiff as evidence of infringement are "methods of

operation" under <u>Lotus</u>.  "Accordingly, they are not protectable elements of the [plaintiff's] program, and [defendant] did not infringe plaintiffs' copyright by copying the menu command hierarchy for use in his own program."); <u>Wyatt v. Malvern</u>, 2009 U.S. Dist. LEXIS 66097 at *20 (C.D. Cal. 2009) ("To the extent Plaintiff argues that the drop-down "units" menu is substantially similar, the Court notes that the menu commands are not protected," citing <u>Lotus</u>); <u>Baystate Technologies, Inc. v. Bentley Systems, Inc.</u>, 946 F. Supp. 1079, 1088 (D. Mass. 1996) ("In <u>Lotus</u>, the First Circuit held that the words used in Lotus 1-2-3's menu command hierarchy were not protectable because they were the means by which functions were performed and thus, constituted a "method of operation" excluded from copyright protection"); <u>MiTek Holdings, Inc. v. Arce Engineering Co., Inc.</u>, 89 F. 3d 1548, 1557 (11th Circuit 1996) ("We agree with the conclusion reached by the district court that the ACES menu and submenu command tree structure is uncopyrightable under 17 U.S.C. § 102(b)").  <u>Compare</u> <u>Mitel, Inc. v. Iqtel, Inc.</u>, 124 F.3d 1366 (10th Cir. 1997) ("We conclude that although an element of a work may be characterized as a method of operation, that element may nevertheless contain expression that is eligible for copyright protection . . . . [t]hus, we decline to adopt the Lotus court's approach to section 102(b)").

As the leading copyright treatise states, "<u>Lotus</u> had simply articulated a method of operation, which by definition lies <u>beyond statutory protection</u>."  Nimmer, § 13.03[F][3][ii] (emphasis added).

## CONCLUSION

For the foregoing reasons the Court should instruct the jury to exclude methods of operation from its comparison of the graphical user interfaces of 20-20 Design and ProKitchen.

Respectfully submitted,

REAL VIEW LLC, BORIS ZELDIN
AND LEONID PERLOV

By their attorneys,


/s/ Lee T. Gesmer                            .
Lee T. Gesmer, BBO #190260
Joseph J. Laferrera, BBO #564572
Nancy M. Cremins, BBO #658932
Crystal L. Lyons, BBO #677931
Gesmer Updegrove LLP
40 Broad Street
Boston, Massachusetts 02109
Telephone:  (617) 350-6800
Facsimile:  (617) 350-6878
email: nancy.cremins@gesmer.com

Dated:  January 30, 2011


## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2011, I electronically filed the foregoing with the Clerk for the United States District Court for the District of Massachusetts by using the CM/ECF system. I certify that all participants in the case are registered CM/ECT users and that service will be accomplished by the CM/ECT system.

/s/ Lee T. Gesmer                  
Lee T. Gesmer