|  |  |
|---|---|
| REAL VIEW, LLC., <br>     Plaintiff and <br>     Counterclaim <br>     Defendant <br><br>     v. <br><br> 20-20 TECHNOLOGIES, INC., <br>     Defendant and <br>     Counterclaim <br>     Plaintiff <br><br>     v. <br><br> BORIS ZELDIN and LEONID PERLOV, <br>     Counterclaim <br>     Defendants | CIVIL ACTION NO. 07-12157-PBS |

**MEMORANDUM AND ORDER**

August 12, 2011

Saris, U.S.D.J.

    This case concerns computer-aided kitchen design software. After a ten day trial, a jury found Real View not liable on a number of 20-20's claims but awarded $1,370,590 in damages arising from Real View's admittedly illegal download of an early version of the computer program 20-20 Design. See generally, Real View, LLC v. 20-20 Tech., Inc., No. 07-12157, 2011 WL 226292924 (D. Mass. June 9, 2011). The parties have raised a number of post-trial issues. Here the Court addresses Real View's motion

1

to exclude pre-judgment interest and to stay execution of judgment pending resolution of its motion for a new trial or remittitur.

**I. Pre-Judgment Interest**

Recently, the First Circuit affirmed that the award of prejudgment interest is appropriate in copyright infringement cases. See TMTV v. Mass Prod., Inc., Nos. 09-1439, 09-1956, 2011 WL 2306514 (1st Cir. June 13, 2011). The court also observed the general principle that "an award of prejudgment interest in [these] cases [is] a matter for the informed discretion of the district court." Id. at *8. In other contexts, the First Circuit has provided the following guidance for lower courts in deciding whether an award of prejudgment interest is proper: "An award of prejudgment interest is based on consideration of a variety of factors, including 'the remedial purpose of the statute [involved], the goal of depriving culpable defendants of their unlawful gains, and. . . unfairness to defendants." S.E.C. v. Sargent, 329 F.3d 34, 40 (1st Cir. 2003)(quoting S.E.C. v. First Jersey Securities, 101 F.3d 1450, 1477 (2d Cir. 1886)); see also Rodgers v. United States, 332 U.S. 371, 373 (1947)("[I]n the absence of an unequivocal prohibition of interest. . . this Court has fashioned rules which granted or denied interest on particular statutory obligations by an appraisal of the congressional purpose in imposing them and in the light of

general principles deemed relevant by the Court. . . . As our prior cases show, a persuasive consideration in determining whether. . . obligations shall bear interest is the relative equities between the beneficiaries of the obligation and those upon whom it has been imposed."). These principles are equally applicable in the realm of copyright. See, e.g., Polar Bear Prod., Inc. v. Timex Corp., 384 F.3d 700, 718 (9th Cir. 2004)("[P]rejudgment interest may be necessary at times to effectuate the legislative purpose of making copyright holders whole and removing incentives for copyright infringement. . . .").

After considering the equities in this case, I find that the award of pre-judgment interest is not necessary to further the purposes of copyright law or to deter future infringement by this defendant or another. Most important, the damages here are considerable. Although there is some disagreement about Real View's financial status, there is no question that $1.375 million exceeds Real View's corporate assets, and that payment of these damages will likely result in Real View's bankruptcy or, at the very least, the liquidation of ProKitchen. (Zeldin Aff. at ¶¶ 2, ¶ 3.) In other words, the jury's damages award is likely to remove ProKitchen from the kitchen CAD market even though the program itself does not infringe 20-20 Design. The award also signals to future infringers that the illegal download of

computer software that is then relied upon to create a legal competing product can trigger substantial damages and even endanger the survival of the competing software. Stacking prejudgment interest on top of this award is not necessary to adequately recompense 20-20 or to further deter Real View or any other potential infringer.[1] See Robert R. Jones Assoc., Inc. v. Nino Homes, 858 F.2d 274, 282 (6th Cir. 1988)("We believe the measure of damages applied in this case is clearly sufficient to promote innovation in architectural design and deter unauthorized exploitation of someone else's creative expressions."); Brighton Collectibles, Inc. v. Coldwater Creek, Inc., 06-CV-01848, 2009 WL 160235, at * 5 (S.D. Cal. Jan. 20, 2009)("[T]he Court exercises its discretion to deny an award of prejudgment interest, as the court concludes that the jury award adequately compensates Brighton for the damages in this case.").

**II. Bond Pending Appeal and Resolution of Post-Trial Issues**

The next issue concerns the status of the judgment pending resolution of Real View's post-trial motion. Under Federal Rule of Civil Procedure 62(b), "On appropriate terms for the opposing party's security, the court may stay the execution of judgment. . .pending the disposition of a[]. . . motion[]. . . under Rule 59, for a new trial or to alter or amend a judgment. . . ." The

---

[1] Of course, the Court may reexamine this holding if it decides to alter the judgment after consideration of Real View's motion for remittitur.

4

Court finds it appropriate to stay execution of judgment pending resolution of Real View's motions.  The more pressing problem, however, is how to secure 20-20's interests as judgment creditor, particularly given Real View's considerable financial difficulties.

In Lawyer's Title Insurance Corp. v. Singer, 07-804, 2011 WL 1827268, * 1 (D. Conn. March 7, 2011), the court helpfully summarized the law regarding the appropriate security in cases where a court allows a stay under Rule 62(b):  "Normally the party seeking a stay under Rule 62(b) is required to post a bond sufficient to protect the prevailing party's interest in the judgment.  However, the Court may grant a stay without requiring the judgment debtor to post a bond if the judgment debtor can show that in the absence of standard security, the judgment creditor will be properly secured against the risk that the judgment debtor will be less able to satisfy the judgment after the disposition of the post-trial motions." Id. (internal citations omitted).  The touchstone of this inquiry is the need to protect the interests of the judgment creditor, and the judgment debtor bears the burden of demonstrating a basis for departing from the general rule requiring security in a bond of the full amount of the judgment. See Int'l Wood Processors v. Power Dry, Inc., 102 F.R.D. 212,  214 (1984); see also In re Appllo Group Inc. Securities Lit., 2008 WL 410625, * 2 (D. Ariz.

Feb. 13, 2008)( "[C]ourts typically require security in the full amount of the judgment.").

Other principles may also inform the court's discretion in issuing a stay and determining what security is sufficient. In a rule Rule 62(d) case, where it considered the amount of security sufficient pending appeal, the First Circuit observed that "no bond is required if. . . the bond would put the defendant's other creditors in undue jeopardy." <u>Acevedo-Garcia v. Vera-Monroig</u>, 296 F.3d 13, 17 (1st Cir. 2002). Furthermore, the court may take into account that the dangers to the judgment creditor are less severe than they are in the mine-run Rule 62(d) case, where a judgment is stayed pending appeal. While the court deals with Real View's motions, it is unlikely that the status quo will change. <u>See</u> <u>Int'l Wood Processors</u>, 102 F.R.D. at 215. Finally, when it comes to determining sufficient security, courts have held that an unsecured stay is appropriate as long as the judgment debtor establishes that a full bond is "impossible or impracticable." <u>See</u> <u>id.</u> at 214; <u>see</u> <u>also</u> <u>Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.</u>, 600 F.2d 1189, 1191 (5th Cir. 1979)(in rule 62(d) case stating "if the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden, the court similarly is free to exercise a discretion to fashion some other arrangement for substitute security through an

appropriate restraint on the judgment debtor's financial dealings, which would furnish equal protection to the judgment creditor").

In support of its motion, Real View has provided affidavits from its founders Zeldin and Perlov. According to these filings, Real View has assets valued at approximately $55,000 and unsecured liabilities of $660,000. (Zeldin Aff. ¶¶ 2, 5.) Its wholly owned subsidiary in the Ukraine has liabilities of approximately $77,000. (Id. at ¶ 10.) In terms of their personal assets, Zeldin and Perlov each claim to be more than $200,000 in the red. (Id. at ¶ 17; Perlov Aff. ¶ 6.) Based on these figures, Real View's creditors would be put in jeopardy by any attempt to execute the judgment at this stage, as execution of judgment will likely result in Real View's bankruptcy. It also appears that Real View does not have sufficient assets to post a bond in the full amount of the judgment. As an alternative to a bond, Real View argues that the court should issue an order prohibiting Real View from transferring any assets outside of the ordinary course of business.

The question here is whether Real View's proposed order provides 20-20 with sufficient security. In a recent case, Lewis v. United States Joint Venture, 07-639, 2009 WL 1654600 (W.D. Mich., June 10, 2009), the court denied a judgment debtor's request for an unsecured Rule 62(b) stay on the basis of similar

arguments to those that Real View makes here. The court observed that the judgment debtor's assertion that it was unable to post a bond "d[id] not in any conceivable way show that the Plaintiff's interest in the full value of the judgment [was] secure. In fact, it show[ed] just the opposite. [The judgment debtor's] alleged illiquidity strengthen[ed], not weaken[ed], the need for an appropriate bond." Id. at *1; see also Lincoln Electric Company v. MPM Tech., Inc., 08-2853, 2009 WL 3246936, at * 2 (N.D. Ohio, Oct. 6, 2009)("It is the [judgment debtor] not the [judgment creditor], that should bear the risk that the [judgment debtor] may not have the ability to pay the judgment.").

It is certainly true that, in general, the financial difficulties of a judgment debtor serve as a basis for denying a motion for an unsecured stay. But, here, it appears that Real View's financial difficulties are so severe that 20-20 would have considerable challenges recovering the full judgment even if it were executed today. As such, the Court does not believe that the status quo is likely to be altered by a stay secured by a bond of less than the full amount of the judgment. Real View has met its burden of proving that it would be impossible or impracticable to post a full bond. Compare United States on Behalf of Small Bus. Admin. v. Kurtz, 528 F.Supp. 1113, 1115 (D.C.Pa. 1981)(in 62(d) case finding that defendant's "unsupported allegation that he is financially unable to satisfy

the judgment or to post a bond" was insufficient to satisfy burden of establishing that bond was impossible). Given Real View's pending post-trial motion, it seems unwise at this point to require Real View to dramatically restructure its corporation or file for bankruptcy when 20-20's interests are adequately protected during a short stay.

However, some tangible security is appropriate, particularly because the ultimate damage award will exceed the $4,200 license fee for 20-20 Design even if Real View ultimately prevails on its post-trial motion. See Slip N' Slide Records, Inc. v. Tevee Toons, Inc., No. 05-21113, 2007 WL 1489810, at * 3 (S.D. Fla., May 18, 2007)("[T]he weight of authority clearly requires [some kind of tangible security] to secure a judgment, especially in cases where a defendant's financial viability or liquidity is in doubt."). Real View appears to have liquid assets exceeding $20,000. Therefore, a $20,000 bond is not impossible or impracticable and will be much less likely to significantly prejudice Real View's other creditors than a bond of the full amount. Further, though it does not come close to the award handed down by the jury, the security exceeds the $4,000 license fee. Real View is, therefore, ordered to post a bond of $20,000. See id. (requiring posting of a bond equal to the compensatory damages portion of the judgment). This will provide 20-20 with some measure of tangible security. Further, the Court orders all

defendants to refrain from transferring assets outside of the normal course of business.

## ORDER

Execution of judgment is stayed pending resolution of Real View's Motion for New Trial or Remittitur.  Real View is ordered to post a bond of $20,000 forthwith.  Real View, Zeldin, and Perlov, and their agents and employees, are ordered to refrain from transferring personal or business assets outside of the normal course of business.

                                           /s/ PATTI B. SARIS
                                          PATTI B. SARIS
                                          United States District Judge